IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY BANKS, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-457 |
| | ) | Judge Cathy Bissoon/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| OFFICER ADAM SKWERES (P.P.D.); | ) | |
| NATHAN HARPER, Chief of Police, | ) | |
|         Defendants. | ) | |

## REPORT AND RECOMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 3, be dismissed for failure to prosecute.

**II.     REPORT**

Plaintiff, Tony Banks ("Plaintiff "), has presented a civil rights complaint against Defendants Officer Adam Skweres, *P.P.D.*, and Nathan Harper, *Chief of Police*, alleging that Defendants violated his rights provided by the Fifth, Eighth, First, and Fourteenth Amendments to the United States Constitution relative to an allegedly false police report filed by Plaintiff's girlfriend that resulted in Plaintiff being falsely imprisoned.  See ECF No. 3.

On July 17, 2013, Defendant Skweres filed a Motion to Dismiss for Failure to State a Claim, ECF No. 18, and on July 31, 2013, this Court issued an Order directing Plaintiff to respond to the Motion to Dismiss by August 30, 2013.  ECF No. 20.  Plaintiff failed to file a response to the Motion to Dismiss as ordered and on September 6, 2013, this Court issued an Order to Show Cause, returnable on September 20, 2013, directing Plaintiff to show cause why the case should not be dismissed as to Defendant Skweres for Plaintiff's failure to respond to the Motion to Dismiss as directed by the Court.  ECF No. 23.  To date, Plaintiff has failed to respond

to either the Motion to Dismiss or the Order to Show Cause nor given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed which weighs heavily against him. Plaintiff's failure to comply with the Court's order directing him to file a response to Defendant Skweres' Motion to Dismiss and failure to respond to the Order to Show Cause was not only solely his personal responsibility but, having ignored two Court orders, appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to Defendant Skweres other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed

2

neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with this Court's orders, which has prevented this case from proceeding, indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982). Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

        Respectfully submitted,

        /s/ Maureen P. Kelly
        MAUREEN P. KELLY
        United States Magistrate Judge

Dated: October 10, 2013

cc: Tony Banks
94417
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

All counsel of record via CM/ECF